## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DON JUAN MAXWELL, #31799-044, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> T. G. WERLICH, ) <br> ) <br> Respondent. ) | Case No. 18-0486-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Don Juan Maxwell, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on February 23, 2018. (Doc. 1). Maxwell was sentenced to 300 months imprisonment in 2006 after a jury found him guilty of possessing with intent to distribute more than 50 grams of cocaine base (also known as "crack cocaine"). *United States v. Don Juan Maxwell*, No. 05-cr-0238, Doc. 66 (E.D. Mo. Feb. 17, 2006). His Guidelines range was enhanced after he was found to be a career offender under U.S.S.G. § 4B1.1, based in part on Maxwell's three prior burglary convictions. However, the sentencing court varied downwards from the Guidelines' career offender range of 360 months to life imprisonment and instead imposed a sentence within the non-career offender Guidelines range. *Id.* at Doc. 69, pp. 4, 24.

Maxwell now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) to challenge his designation as a career offender based on his prior burglary convictions and contends he is entitled to be resentenced without that designation. Specifically, Maxwell argues that these prior convictions do not qualify as "crimes of violence" under U.S.S.G. § 4B1.2(a)(2) (2006)

1

because they criminalize a broader swath of conduct than the generic definition of burglary as defined by the Supreme Court. (Doc. 1, pp. 16–19).

Respondent opposes issuance of the Writ on multiple grounds. Respondent argues that Maxwell cannot satisfy the requirements of § 2255(e)'s savings clause, noting his alleged harm cannot be deemed a "miscarriage of justice" since his sentence fell within the statutory maximum penalty for his crimes of conviction, regardless of his career offender designation. (Doc. 12, pp. 7–12). Respondent also argues that Maxwell procedurally defaulted his current habeas claim by failing to raise it on direct appeal or in his original § 2255 motion. (*Id*. at pp. 6–7). Maxwell replied to Respondent's response, (Doc. 10), and the parties each filed supplemental briefings discussing additional legal authority. (Docs. 11, 12, 14, 15).

This matter is now ripe for resolution. For the reasons discussed below, Maxwell's § 2241 Petition (Doc. 1) will be **DENIED**.

## Procedural History and Relevant Facts

On October 13, 2005, a jury found Maxwell guilty of one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). *United States v. Don Juan Maxwell*, No. 05-cr-0238, Doc. 42 (E.D. Mo. Oct. 13, 2005).[1] At the time of his conviction and sentencing, Maxwell's statutory sentencing range included a maximum of life imprisonment.[2] Notably, even under the current United States Code, possessing with intent to distribute or dispense 28 grams or more of cocaine base carries a statutory maximum penalty of forty years (480 months) imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii) (2018).

---

[1] Maxwell was also found guilty of possession with the intent to distribute a mixture containing a detectable amount of heroin, and was sentenced to 240 months imprisonment to be served concurrently with his longer sentence for his cocaine base conviction.
[2] 21 U.S.C. § 841(b)(1)(A)(iii) (2002).

The Presentence Report ("PSR") applied the Guidelines' career offender designation to Maxwell pursuant to U.S.S.G. § 4B1.1(a) due to his prior burglary convictions.[3] However, at Maxwell's sentencing, the judge explicitly stated his belief that "it [was] more appropriate to sentence [Maxwell] in the range of a total offense level of 34" instead of applying the greater offense level set forth by the career offender designation. *Id*. at Doc. 69, p. 24. The judge further stated that "if [Maxwell] was not a career offender [under the Guidelines] . . . the [Guidelines range] would be 262 months to 327 months imprisonment" instead of 360 months to life imprisonment. *Id*. at p. 4. Maxwell was ultimately sentenced to 300 months imprisonment, which was within the non-career offender Guidelines range and represented a downwards variance from the career offender Guidelines range of 360 months to life imprisonment. *Id*. at p. 24.

Maxwell filed a direct appeal relating to alleged racial discrimination during his jury selection and the district court's rulings regarding the same. The Eighth Circuit affirmed the judgment on appeal in 2007. *United States v. Maxwell*, 473 F.3d 868 (2007). Maxwell then sought relief under 28 U.S.C. § 2255. His first motion, filed in January 2008, argued that his trial counsel was constitutionally ineffective. This motion was denied by the district court and no certificate of appealability was issued. *Maxwell v. United States*, No. 08-cv-0062, Doc. 7 (E.D. Mo. May 12, 2010). Maxwell's subsequent application for leave to file a second or successive § 2255 motion, which like the instant Petition, was premised in part on *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), was also denied by the Eighth Circuit, *Maxwell v. United States*, No. 16-cv-1017-

---

[3] The PSR is filed under seal at Doc. 65 in Maxwell's criminal case, *United States v. Don Juan Maxwell*, No. 05-cr-0238, Doc. 65 (E.D. Mo. Feb. 17, 2006). Because it is sealed, this Court was unable to access it, and neither party has provided a complete copy to the Court. However, Maxwell's sentencing memorandum and hearing transcript references (and explicitly declined to object to) the career offender designation in the PSR, *id*. at Doc. 62, pp. 1–2, as did the sentencing court during Maxwell's sentencing hearing. *Id*. at Doc. 69, pp. 18–19 ("There has been no attack upon the methodology for calculating that the defendant is a career offender . . . .").

AGF, Doc. 2 (July 12, 2016); *Maxwell v. United States*, No. 16-2291, Doc. 8 (8th Cir. Nov. 22, 2017).

**Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255 and may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having

4

been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a § 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## **Analysis**

In light of *Mathis*, Maxwell argues he was improperly designated as a career offender under the Guidelines because his prior burglary convictions criminalize more behavior than the generic definition of burglary set forth by the Supreme Court. (Doc. 1, pp. 15–19). Before reaching the merits of this argument, the Court must first consider whether Maxwell's claim can be brought within the narrow scope of § 2255's savings clause. The Court agrees with Respondent that Maxwell cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot satisfy the requirements of § 2255(e)'s savings clause to bring his *Mathis* claim in a § 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack by a § 2255 motion or a § 2241 petition. A claim that a defendant's Guidelines sentencing range was erroneously calculated is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v.*

*Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). The career offender Guidelines range that applied to Maxwell was advisory, not mandatory, because he was sentenced in 2006, more than a year after the *Booker* decision. *United States v. Maxwell*, No. 05-cr-0238, Doc. 66 (E.D. Mo. Feb. 17, 2006). The applicable statutory sentencing range for Maxwell's conviction at the time of his sentencing was 10 years to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) (2002). While 21 U.S.C. § 841 has been amended since Maxwell's conviction was made final, that makes no difference to Maxwell's argument here—a conviction for possession with intent to distribute more than 28 grams grams of cocaine base still carries a statutory maximum penalty of forty years (480 months) imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2018). Thus, Maxwell's 300-month sentence fell within the statutory maximum sentence for his conviction, both under the version of the statute in force at his 2006 sentencing and the statute as it exists today.

Maxwell argues that he could not have brought his claim within a year of his final conviction in 2006 because the argument he raises was foreclosed to him until after *Mathis* was decided in 2016. Even assuming, *arguendo*, that the first and second *Davenport* criteria have been met,[4] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount

---

[4] Because *Hawkins* dictates that Maxwell cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of his Petition, the Court need not decide whether Maxwell has satisfied the other two *Davenport* factors.

to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Therefore, Maxwell's Petition does not meet the criteria to bring his claim within § 2255(e)'s savings clause.

Maxwell attempts to distinguish *Hawkins* by arguing that, unlike the petitioner in *Hawkins*, he is raising a constitutional challenge to his sentence. He argues that his sentence violates his due process right to be sentenced based on accurate information. (Doc. 10, pp. 16–21). He claims his sentence was based on inaccurate information because his prior convictions no longer qualify as predicate crimes for the career offender enhancement.

The Court disagrees with Maxwell's reading of the cases he cites in support of his argument. A defendant **does** have a due process right to be sentenced based on accurate information. *U.S. ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir. 1984), citing *United States v. Tucker*, 92 S.Ct. 589, 591 (1972) and *Townsend v. Burke*, 68 S.Ct. 1252 (1948). However, Maxwell misconstrues the scope of that right.

Due process is violated by reliance on factually incorrect information at sentencing. In *Townsend*, the sentencing court mistakenly believed the defendant had been convicted on several charges when he in fact had been acquitted or the charges had been dropped. *Townsend*, 68 S. Ct. at 1255. In *Tucker*, the sentencing court was unaware that two of the defendant's prior convictions were invalid because they had been obtained in violation of his right to counsel. *Tucker*, 92 S. Ct. at 592. In *Welch*, the sentencing court believed the defendant had been previously convicted of armed robbery, but the prior conviction was only for robbery. *Welch*, 738 F.2d at 865. *See also, United States v. Melendez*, 819 F.3d 1006, 1012 (7th Cir. 2016) (drug quantity); *United States v. Jones*, 454 F.3d 642, 652 (7th Cir. 2006) (court considered prior conviction that had been overturned).

7

Here, the allegedly inaccurate information is not the fact of the prior convictions; it is the conclusion that the prior convictions qualified as predicate crimes for the career offender enhancement. The question of whether a prior crime qualifies as predicate crime is a legal question, not a factual one. Maxwell cites no case wherein an erroneous determination of a legal question was held to be the kind of "inaccurate information" which violated due process. This Court's independent research has not identified such a case.

The ultimate issue in *Hawkins* is analogous to the issue Maxwell raises: the alleged miscalculation of an advisory Guideline range, based on an enhancement factor (here, the career offender designation) which Maxwell argues is impermissible under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). Thus, *Hawkins* remains binding precedent in this Circuit and Maxwell's Petition must be dismissed.

## Conclusion

For the above reasons, Maxwell's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to

proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:   January 10, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**